972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Heriberto ARRENDONDO-SANCHEZ, Defendant-Appellant.
 No. 89-50484.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Aug. 27, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and WALKER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Heriberto Arredondo-Sanchez appeals his jury conviction for having been found in the United States after having been deported, in violation of 8 U.S.C. § 1326. Arredondo-Sanchez contends the district court reversibly erred in admitting evidence of the defendant's prior convictions. Arredondo-Sanchez also asserts error in the court's failure to suppress evidence based on a Miranda violation. We affirm.[1]
 
 
 4
 * Arredondo-Sanchez contends that the crime with which he was charged and convicted was necessarily complete before the November 18, 1988 amendment to 8 U.S.C. § 1326 because Arredondo-Sanchez was incarcerated from April 5, 1988 until at least the date the Immigration and Naturalization Service discovered the crime. Thus, he argues that application of the amended version of section 1326 in this case would violate the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3, as well as the applicability provision of the amendment to section 1326, Pub.L. 100-690, § 7345(b), 102 Stat. 4471. Because evidence of the prior convictions would only be relevant under the amended version of section 1326, Arredondo-Sanchez urges that the district court erred in admitting this evidence.
 
 
 5
 Arredondo-Sanchez contends that the government bore the burden of proving that his crime was completed after November 18, 1988. We disagree. To suppress evidence of the prior convictions, the burden of proving an ex post facto violation rested with Arredondo-Sanchez. Cf. United States v. Nuesca, 945 F.2d 254, 258 (9th Cir.1991) (" 'The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.' ") (quoting Rakas v. Illinois, 439 U.S. 128, 131 n. 1 (1978)). While the scheme of shifting burdens proposed by Arredondo-Sanchez is relevant in trying certain affirmative defenses, see 2 Charles Alan Wright, Federal Practice and Procedure § 403, at 414 (2d ed. 1982), we do not find it applicable in the context of deciding a pre-trial motion to suppress.
 
 
 6
 Because Arredondo-Sanchez failed at the pre-trial stage to carry his burden of proving his incarceration prior to the date of the amendment of 8 U.S.C. § 1326, the district court did not abuse its discretion in admitting evidence of the prior convictions that was clearly relevant under the indictment.
 
 II
 
 7
 Arredondo-Sanchez contends further that, because the INS agent elicited an incriminating statement from him before administering the warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), the district court erred in admitting into evidence statements he made after the Miranda warnings were given. In order to have the subsequent statements suppressed, however, it was necessary for Arredondo-Sanchez to show that they were given involuntarily. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1049 (9th Cir.1990); United States v. Wauneka, 842 F.2d 1083, 1088 (9th Cir.1988). On appeal, the government points to evidence indicating that the subsequent statements were voluntary. Arredondo-Sanchez does not take issue with either this evidence or the government's assertion that "[a]ppellant does not claim that his statements made to Agent Beamish after being advised of his rights were not voluntary." Accordingly, we find the district court did not err in admitting the subsequent statements.
 
 
 8
 The judgment of conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Vaughn R. Walker, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Upon review of the parties' letter briefs, we are satisfied that, although the defendant has served his sentence, his appeal is not moot. See Fiswick v. United States, 329 U.S. 211, 220-23 (1946)